HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HUGHES GROUP, LLC, a Washington limited liability company,<br><br>                Plaintiff,<br><br>    v.<br><br>DOSS AVIATION, INC., a Texas corporation,<br><br>                Defendant. | CASE NO. 15-CV-05177-RBL<br><br>ORDER DENYING MOTION TO VACATE ARBITRATION AWARD AND GRANTING MOTION TO CONFIRM ARBITRATION AWARD<br><br>[DKT. #11 & #13] |

## I.    Introduction

THIS MATTER is before the Court on Plaintiff Hughes Group, LLC's motion to vacate an arbitration award [Dkt. #11] and Defendant Doss Aviation, Inc.'s cross-motion to confirm the award [Dkt. #13]. Hughes and Doss teamed up to win a government contract to wash and maintain aircraft at Joint Base Lewis-McChord. A dispute arose between the parties while performing the contract, so they went to arbitration. The arbitrator found that Hughes had breached the contract and awarded Doss damages and attorney's fees. Doss seeks an order confirming that award. Hughes contends that the award is in manifest disregard of the law and must be vacated.

## II. BACKGROUND

The Department of Defense sets aside a certain number of contracts for service-disabled veteran-owned small businesses. Eligible businesses can team-up with ineligible businesses to perform set-aside contracts, but if at any time the structure of their relationship disqualifies the prime contractor as a service-disabled veteran-owned small business, then the DOD can cancel the contract.

In 2012, Hughes won a set aside contract to perform transient-alert services and aircraft wash services at Joint Base Lewis-McChord.[1] Hughes subcontracted with Doss, which did not qualify as a service-disabled veteran-owned small business, to perform the wash services. The subcontract delineated what tasks each party was going to perform and how they would be paid.

Several months into performance, Hughes reallocated some of the work and started performing some of the tasks that Doss had been doing. Hughes believed that a provision of the contract allowed it to do so without Doss's consent to ensure that it continued to be qualified as a service-disable veteran-owned small business. Doss disagreed with Hughes's interpretation of the contract, refused to consent to the change, and demanded arbitration.

At arbitration, Doss argued that Hughes materially altered the terms of the contract without its consent. Hughes contended that it only altered the general scope of the work and denied altering the terms of the contract.

The arbitrator determined that the subcontract was a requirements contract that gave Doss the exclusive right to perform all of the aircraft wash services. Based on that determination, the arbitrator concluded that Hughes impermissibly and radically altered material terms of the

---

[1] Transient-alert services include coordinating aircraft arrivals and departures, guiding aircraft to parking, placing wheel chocks and stairways, and performing minor maintenance. Wash services include cleaning aircraft interior and exterior, aircraft de-icing, and lubricating aircraft.

subcontract without Doss's consent. The arbitrator issued the final award on January 14, 2015, that ordered Hughes to pay Doss $253,661 in damages and $221,927 in attorney's fees and costs. Hughes filed a Motion to Vacate Arbitration Award on April 9, 2015. Doss subsequently moved to confirm the arbitration award.

### III.  DISCUSSION

Hughes contends that the arbitrator exceeded his power by acting with a manifest disregard of the law. Hughes specifically contends that compliance with the arbitration award would violate regulations that establish who is eligible to perform set-aside contracts. A district court can vacate an arbitration award only if:

> (1) the award was procured by corruption, fraud, or undue means;
> (2) there was evident partiality or corruption in the arbitrators, or either of them;
> (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) the arbitrators **exceeded their powers**, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a) (emphasis added). Arbitrators exceed their power if they issue an award in manifest disregard of the law. *Kyocera Corp. v. Prudential-Bache Trade Services, Inc.,* 341 F.3d 987, 997 (9th Cir. 2003). An arbitrator's award is in manifest disregard of the law only if the arbitrator recognized the applicable law and then ignored it. *Michigan Mut. Ins. Co. v. Unigard Sec. Ins. Co.,* 44 F.3d 826, 832 (9th Cir. 1995).

Here, Hughes contends that the arbitrator recognized but ignored the Small Business Administration Ostensible Subcontractor Rule[2] and the Federal Acquisition Regulation 50

---

[2] The ostensible subcontractor rule treats a subcontractor and prime contractor as affiliated if the prime contractor is "unusually reliant" on the subcontractor, or if the subcontractor performs "primary and vital" requirements of the contract. 13 C.F.R. § 121.103(h)(4).

3

Percent Rule[3]. Those rules are part of the regulatory scheme that establishes who is eligible to perform service-disabled veteran-owned set-aside contracts.

Hughes and Doss's subcontract might violate the ostensible subcontract rule and 50 percent rule, but that does not mean that the arbitrator acted in manifest disregard of the law by enforcing the parties' agreed-upon terms. This case is fundamentally a contract dispute. The arbitrator did not disregard controlling terms of the contract or ignore rules of interpretation. While complying with the award might disqualify Hughes as a service-disabled veteran-owned small business and cause the DOD to cancel its contract with Hughes, the arbitrator did not act in manifest disregard of the law and the award must be confirmed.

## CONCLUSION

For the reasons stated above, Plaintiff Hughes' Motion to Vacate Arbitration Award (Dkt. #11) is **DENIED** and Defendant Doss' Motion to Confirm Arbitration Award (Dkt. #13) is **GRANTED**.

Dated this 16th day of July, 2015.

Ronald B. Leighton
United States District Judge

---

[3] The 50% rule requires that for government set-aside contracts for services, at least 50 percent of the cost of contract performance incurred for personnel must be expended for employees of the prime contractor. 48 C.F.R. 52.219-14(c)(1).